IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HOWARD BLAIN DUDLEY,<br>Plaintiff, | §<br>§<br>§ | |
| v. | § | 3:14-CV-01331-L-BK |
| WAYNE BRIDEWELL, et al., | §<br>§<br>§ | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Judge's *Standing Order of Reference*, this case has been transferred to the undersigned for pretrial management. (Doc. 5). Plaintiff filed a case-initiating pleading in April 2014, entitled *Notice of Removal*. Upon review, however, the document does not appear to remove a civil action already pending in a state court to this Court, nor are all the pleadings from the state case(s) attached as required for a removal. Liberally construing the complaint, it appears to be a new case challenging the actions of one or more state courts. However, the complaint is very difficult to decipher and does not comply with Federal Rule of Civil Procedure 8(a). Accordingly, the Court ordered Plaintiff to submit an amended complaint that complied with Rule 8(a) no later than May 14, 2014. (Doc. 6). The order warned Plaintiff that if he did not do so, his case could be dismissed for lack of prosecution without further notice. (Doc. 6). The deadline for Plaintiff to submit his amended complaint has now passed and Plaintiff has not submitted his amended complaint or sought an extension of time to do so.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending

cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). Nevertheless, a dismissal without prejudice has the same effect as a dismissal with prejudice if the statute of limitations might prevent a party from refiling his case. *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 213 (5th Cir. 1976). Here, however, Plaintiff alleges ongoing violations of various constitutional rights and instances of attorney malpractice that recently occurred in his pending criminal case. [Doc. 3 at 9-12, 27-29, 31-42, 51, 64]. It thus appears that dismissal of this case without prejudice will not unfairly affect Plaintiff's legal interests.

Plaintiff has been given ample opportunity to file an amended complaint that complies with Rule 8 as required by the Court's order. He has impliedly refused or declined to do so. Therefore, his claims should be dismissed without prejudice for lack of prosecution. *See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).

**SO RECOMMENDED** on May 19, 2014.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE