IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **HOWARD BLAIN DUDLEY,** | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:14-CV-1331-L** |
| | § | |
| **WAYNE BRIDEWELL,** *et al.*, | § | |
| | § | |
| Defendants. | § | |

# <u>ORDER</u>

Before the court is Plaintiff's May 22, 2014 request for a two-week extension (Doc. 11) to comply with the Notice of Deficiency and Order entered by the magistrate judge on April 23, 2014; and Plaintiff's request for injunctive relief (Doc. 3), filed April 11, 2014. Also before the court is the May 19, 2014 Findings, Conclusions and Recommendation of the United States Magistrate Judge (Doc. 10). After considering Plaintiff's requests, the court **denies** the request for injunctive relief (Doc. 3), which is the only relief Plaintiff is seeking in this case; and **grants** the request for a two-week extension (Doc. 11) to comply with the Notice of Deficiency and Order. Although Plaintiff failed to timely comply with the Notice of Deficiency and Order requiring him to file an amended complaint in accordance with Rule 8(a) of the Federal Rules of Civil Procedure by May 14, 2014, the court will give him an additional two weeks until **June 11, 2014**, to file an amended complaint that complies with Rule 8(a). Having determined that Plaintiff should be given another chance to amend his pleadings, the court **rejects as moot** the magistrate judge's findings and conclusions (Doc. 10), and **recommits** this case to the magistrate judge.

**Order – Page 1**

I.   **Factual and Procedural Background**

This case was referred to Magistrate Judge Renee Harris Toliver, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on May 19, 2014, recommending that the action be dismissed *sua sponte,* pursuant to Federal Rule of Civil Procedure 41(b), for want of prosecution and failure to comply with a April 23, 2014 order requiring Plaintiff to file an amended complaint by May 14, 2014. According to the Notice of Deficiency and Order entered by the magistrate judge, the Notice of Removal filed by Plaintiff appeared to be a new action challenging one or more state actions rather than a removal of an action. Because the magistrate judge was unable to decipher Plaintiff's pleadings, she required him to file an amended complaint in accordance with Rule 8(a) of the Federal Rules of Civil Procedure. On May 22, 2014, Plaintiff requested an additional two weeks to file his "paperwork" because he had to move unexpectedly after filing this action (Doc. 11). Before the magistrate judge issued her Report, Defendant Judge Wayne Bridewell also moved, on April 29, 2014, to dismiss the claims against him based on judicial and sovereign immunity, and the *Rooker-Feldman* doctrine. Judge Bridewell also contends that Plaintiff's claim or claims for relief are without merit. Plaintiff did not file a response to Judge Bridewell's motion, and the time for responding to the motion has expired.

The court has carefully reviewed Plaintiff's Notice of Removal, which consists of sixty-nine pages of rambling and incoherent legalistic contentions that appear to have been copied from another source. In essence, Plaintiff contends that his constitutional rights were violated because Defendants, including Plaintiff's counsel and various public officials and entities, brought certain state court proceedings against him in bad faith. The only relief requested by Plaintiff, however, is for the court to enjoin certain criminal and administrative proceedings against him that, according to Plaintiff, are

currently pending in state court. For the reasons that follow, the court concludes that Plaintiff is not entitled to either a preliminary injunction or temporary restraining order.

## II.     Request for Injunctive Relief

As Plaintiff notes in his Notice of Removal, there are four prerequisites for the extraordinary relief of a preliminary injunction or temporary restraining order. A court may grant such relief only when the movant establishes that:

> (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury [to the movant] outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest.

*Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Canal Auth. of the State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) (*en banc*). The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted. *Mississippi Power and Light Co. v. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir. 1985); *Clark*, 812 F.2d at 993. Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the temporary restraining order or preliminary injunction.

The court concludes that Plaintiff has not and cannot satisfy any of the requirements for a preliminary injunction or temporary restraining order. Moreover, the Anti–Injunction Act, 28 U.S.C. § 2283, generally prohibits federal courts from interfering with proceedings in state court. *Health Net, Inc. v. Wooley*, 534 F.3d 487, 493 (5th Cir. 2008) (quoting *Vines v. Univ. of La.*, 398 F.3d 700, 704 (5th Cir. 2005) (citing 28 U.S.C. § 2283)). The Act states: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of

Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The statute is strictly construed. *Health Net, Inc.*, 534 F.3d at 493. Only the exceptions contained in the aforementioned text of the statute are recognized. *Id.* (citing *Atlantic Coast Line R.R. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 286-87 (1970) (rejecting the argument that "a federal court may enjoin state court proceedings even if that action cannot be justified by any of the three exceptions.").  As none of the exceptions applies here, the court must deny Plaintiff's request for this court to enjoin the state court proceedings brought against him. Further, as no other relief is requested, dismissal of this action in its entirety is appropriate.  Rather than dismiss the case, however, the court will give Plaintiff an opportunity to amend his pleadings.

## III.     Conclusion

For the reasons explained, the court **denies** Plaintiff's request for injunctive relief, the only relief requested by Plaintiff.  The court, however, will give Plaintiff an opportunity to amend his pleadings and accordingly **grants** Plaintiff's request for a two-week extension (Doc. 11) to comply with the Notice of Deficiency and Order.  Plaintiff shall filed an amended complaint by **June 11, 2014**, that complies with Rule 8(a) of the Federal Rules of Civil Procedure. *No further extensions will be allowed.  Failure to comply with this order will result in the dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(b)*.  Having determined that Plaintiff should be given another chance to amend his pleadings, the court **rejects as moot** the magistrate judge's findings and conclusions (Doc. 10), and **recommits** this case to the magistrate judge.

**It is so ordered** this 28th day of May, 2014.

                                                 Sam A. Lindsay
                                                 United States District Judge